IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

ROBERT G. THOMPSON,

        Plaintiff,

v.                                          CIVIL ACTION NO.  5:07-cv-00741

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.

**MEMORANDUM OPINION**

This is an action seeking review of the final decision of the Commissioner of Social Security (Commissioner) denying Plaintiff Robert G. Thompson's application for Disability Insurance Benefits under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401–433, 1381–1383f. This action was referred to the Honorable R. Clarke VanDervort, United States Magistrate Judge, for submission to this Court of proposed findings and a recommendation (PF&R) pursuant to 28 U.S.C. § 636(b)(1)(B).  On February 26, 2009, the magistrate judge submitted his PF&R [Docket 13] recommending that the Court deny Plaintiff's Motion for Judgment on the Pleadings [Docket 9], grant Defendant's Motion for Judgment on the Pleadings [Docket 11], affirm the final decision of the Commissioner, and dismiss this action from the Court's docket.  Objections to the PF&R were due by March 13, 2009.  Timely objections to the PF&R were filed on March 9, 2009.  The briefing is complete, and the matter is now ripe for the Court's consideration.

## *I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY*

The full factual background and procedural history is set forth in the PF&R. Relevant to this Court's consideration, Plaintiff was born on September 10, 1954, and was fifty-two years old at the time of his administrative hearing. He has an eighth grade education and a Generalized Equivalency Diploma. Plaintiff has previously worked as a job coordinator/maintenance supervisor, carpenter, and painter. Plaintiff filed an application for Supplemental Security Income (SSI) on December 19, 2005, in which he claimed a disability based on severe pain in his shoulders, back, and neck; chronic arthritis; hypertension; possible diabetes; numbness in his hands and feet; a missing thumb on the left hand; stomach problems; depression; cirrhosis of the liver, and blindness in one eye. Plaintiff was denied benefits initially and upon reconsideration by the Administrative Law Judge (ALJ). The ALJ found that Plaintiff has severe impairments, including osteoarthritis, residuals of amputation of right thumb, and depressive disorder. However, the ALJ found that Plaitiff's blindness in his right eye and his alleged cirrhosis of the liver were not severe impairments. Further, the ALJ determined that Plaintiff's severe impairments did not meet or equal any of the impairments listed in Appendix 1 to Subpart P of the Administrative Regulations No. 4. (Appendix 1); Plaintiff is capable of performing work at the medium[1] exertion level; and Plaintiff is not disabled because he can perform a significant number of jobs in the national economy. The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review on October 5, 2007. Plaintiff subsequently filed the instant action seeking judicial review pursuant to 42 U.S.C. § 405(g) on November 19, 2007.

---

[1] Medium work is defined as being able to lift/carry twenty-five pounds frequently and fifty pounds occasionally, stand/walk for at least six hours (with adequate rest periods), and sit without any limitations. 20 C.F.R. §§ 404.1567(c), 416.967(c) (2006); S.S.R. 83-10.

## *II. STANDARD OF REVIEW*

Pursuant to Fed. R. Civ. P. 72(b), the Court must "make a de novo determination upon the record . . . of any portion of the magistrate judge's disposition to which specific written objection has been made." However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 149–50 (1985).

The Court's review in this case is limited to determining whether the factual findings of the Commissioner—as set forth in the decision of his designee, Administrative Law Judge Ronald L. Chapman ALJ—are supported by substantial evidence and were reached through application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). The Social Security Act states that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The Supreme Court has defined substantial evidence as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). Further, substantial evidence "consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

In reviewing the record for substantial evidence, the Court does not re-weigh conflicting evidence, make determinations as to credibility, or substitute its own judgment for that of the Commissioner. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Rather, the Court must adopt the Commissioner's findings if there is evidence in support of such findings "to justify a

refusal to direct a verdict were the case before a jury." *Blalock v. Richardson*, 483 F.2d 773, 776 (4th Cir. 1972). "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [Commissioner] (or the [Commissioner's] designate, the ALJ)." *Walker v. Bowen*, 834 F.2d 635, 640 (7th Cir. 1987). Thus, even if the Court would have reached a different decision, it must nonetheless defer to the conclusions of the ALJ if such conclusions are bolstered by substantial evidence and were reached through a correct application of relevant law. *See Coffman*, 829 F.2d at 517.

### III. PLAINTIFF'S OBJECTIONS

Plaintiff raises three objections to the PF&R, and each is addressed below.

*A.     First Objection: Magistrate Judge's Review of Evidence*

Plaintiff's first objection states, in its entirety, "Plaintiff objects to the findings of the Magistrate Judge that the findings of the secretary were supported by substantial evidence in general." (Docket 14 ¶ 1.)

When a party makes objections, but these objections are so general or conclusory that they fail to direct the district court to any specific error by the magistrate judge, de novo review is unnecessary. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *Howard's Yellow Cabs, Inc. v. United States*, 987 F. Supp. 469, 474 (W.D.N.C. 1997). A litigant who makes only vague objections to the magistrate judge's findings prevents the district court from focusing on disputed issues and thus renders the initial referral to the magistrate judge useless. *Howard's Yellow Cabs*, 987 F. Supp. at 474. A general objection does not meet the requirements of 28 U.S.C. § 636(b)(1), and failure to file a specific objection constitutes a waiver of the right to de novo review. *Id.* (citing *Mercado v. Perez Vega*, 853 F. Supp. 42, 44 (D.P.R.1993)).

Plaintiff's first objection does not call the Court's attention to any specific error by the magistrate judge. Instead, it merely objects to the magistrate judge's findings in general. This is precisely the type of vague and conclusory objection contemplated by *Orpiano* and *Howard's Yellow Cabs, Inc.* that does not merit review by this Court. The Court **FINDS** that Plaintiff's first objection is general and conclusory and that de novo review of the issues raised is not warranted. Therefore, it is **OVERRULED**.

      *B.      Second Objection: Blindness in One Eye is Not a Severe Impairment*

Plaintiff's second objection alleges that the magistrate judge incorrectly determined that Plaintiff's blindness in one eye was not a severe impairment. Plaintiff argues that "partial blindness is more than a slight abnormality which would have a minimal effect on the plaintiff's ability to work." (Docket 14 ¶ 2.)

The Commissioner uses a five-step process in evaluating disability claims. *See* 20 C.F.R. §§ 404.1520, 416.920; *see also Heckler v. Campbell*, 461 U.S. 458, 460-62 (1983); *Hall v. Harris*, 658 F.2d 260, 264–65 (4th Cir. 1981). This process requires a sequential evaluation of whether a claimant 1) is working; 2) has a severe impairment; 3) has an impairment that meets or equals the impairments in Appendix 1; 4) can return to his past relevant work; and 5) if not, whether he can perform other work. *See* 20 C.F.R. §§ 404.1520, 416.920. If at any point of this process the Commissioner determines conclusively that a claimant is or is not disabled, review does not proceed to the next step. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a).

Under this analysis, once a claimant meets his initial burden of showing that he is unable to return to his past relevant work because of his impairments, the burden shifts to the Commissioner to establish that the claimant has the residual functional capacity, considering the claimant's age,

education, work experience and impairments, to perform alternative jobs that exist in the national economy. *See* 20 C.F.R. §§ 404.1520(f), 416.920(f); *see also McLain v. Schweiker*, 715 F.2d 866, 868–69 (4th Cir. 1983).

At the second step of this process, the ALJ determined that Plaintiff's partial blindness was not severe. Severe impairments are impairments which, singly or in combination, "significantly limit[] [a claimant's] physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1520(c); 404.920(c). "Basic work activities" include (1) physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) capacities for seeing, hearing and speaking; (3) understanding carrying out and remembering simple instructions; (4) use of judgment; (5) responding appropriately to supervision, co-workers and usual work situations; and (6) dealing with changes in a routine work setting. *Id*. § 404.1521(b). "An impairment can be considered 'not severe' only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work." *Evans v. Hecker*, 734 F.2d 1012, 1015 (4th Cir. 1984) (emphasis omitted).

The magistrate judge determined that substantial evidence, including the vocational expert's (VE) testimony, supports the ALJ's decision. According to the VE, blindness in Plaintiff's right eye would not be "instrumental" so long as his vision was 20/70 or better in his left eye. Plaintiff's eye examination determined that Plaintiff had 20/30 vision in his left eye. In addition, the magistrate judge noted the types of activities in which Plaintiff participates. After he lost vision in his right eye as a result of a hunting accident in 1975, Plaintiff continued to work and engage in many activities that would require a certain level of visual acuity such as hunting, driving, reading, bass fishing, watching television, managing his finances, and working as a job coordinator, carpenter, and painter.

The Court agrees with the magistrate judge and **FINDS** that the VE's testimony combined with the types of activities in which Plaintiff engages constitutes substantial evidence to support the Commissioner's finding that Plaintiff's blindness in one eye is not a severe impairment.[2] In particular, the Court **FINDS** the fact that Plaintiff continued to work for years after he became partially blind to be persuasive. Accordingly, Plaintiff's objection with respect to his partial blindness is **OVERRULED**.

    *C.    Third Objection: Newly Submitted Objective Medical Evidence*

In his third objection, Plaintiff argues that the magistrate judge erred in deciding that "newly submitted medical evidence regarding the plaintiff's spine impairment did not warrant a remand for further proceedings before an [ALJ]." (Docket 14 ¶ 3.) Subsequent to Plaintiff's hearing before the ALJ, Plaintiff presented additional evidence consisting of radiology reports, a report and follow-up notes from Adnan Silk, M.D., neurosurgeon, and treatment notes from Amy Dowdy, D.O. Plaintiff presented this evidence to bolster his credibility regarding the severeness of his pain as well as to address the ALJ's concern regarding Plaintiff's lack of treatment, lack of prescription pain medicine, and lack of evidence showing compromise of Plaintiff's nerve root, spinal arachnoiditis,

---

[2] The magistrate judge also found that based on testimony from the VE, Plaintiff would not require the use of his right eye to perform the jobs identified as suitable for Plaintiff. As such, the magistrate judge determined "that any error that the ALJ may have committed in failing to find [Plaintiff's] right eye blindness as a severe impairment is rendered harmless." (Docket 13 at 10–11 (citing *Mickles v. Shalala*, 29 F.3d 918, 921 (4th Cir. 1994) (affirming that ALJ's decision despite error "because there is no question but that [the ALJ] would have reached the same result notwithstanding the initial error.")).) Plaintiff does not object to this determination by the magistrate judge. However, had he objected, the Court would have affirmed the magistrate judge's determination. If the ALJ did erroneously determine that Plaintiff's partial blindness was not a severe impairment, such error would be harmless. Adding Plaintiff's partial blindness to his list of severe impairments would not have resulted in a different residual functional capacity for Plaintiff nor would it affect Plaintiff's ability to perform the alternative jobs listed.

or lumbar spinal stenosis. However, after reviewing this evidence, the Appeals Council determined that the new evidence provided no basis for changing the ALJ's decision.

A reviewing court must review the record as a whole, including new evidence incorporated into the administrative record, in order to determine if the Commissioner's decision is supported by substantial evidence. *See Wilkins v. Secretary*, *Dep't of Health and Human Serv.*, 953 F.2d 93, 96 (4th Cir. 1991). A reviewing court may remand a case to the Commissioner on the basis of new evidence if four prerequisites are met: (1) the evidence must be relevant to the determination of disability at the time the application was first filed and not merely cumulative; (2) the evidence must be material to the extent that the Commissioner's decision might reasonably have been different had the new evidence been before her; (3) there must be good cause for the claimant's failure to submit the evidence when the claim was before the Commissioner; and (4) the claimant must make at least a general showing of the nature of the new evidence to the reviewing court. *See Borders v. Heckler*, 777 F.2d 954, 955 (4th Cir. 1985); *see also* 42 U.S.C. § 405(g).

In order to address the first two elements of the *Borders* test, the Court must compare the new evidence to the evidence that was before the ALJ. First, Plaintiff's new evidence included the results of a CT scan of Plaintiff's lumbar spine showing "[d]iffused disc protrusions at L4-5 and at L5-S1with mild effacement of the overlying the cal sac and both lateral recesses," (Tr. at 243.); an x-ray of the lumber spine finding early degenerative changes with interior osteophytes noted and loss of disc space height at several levels; and an x-ray of the thoracic spine finding mild to moderate degenerative changes and widespread small interior osteophytes noted. Plaintiff's new evidence also included a report and follow-up note by Dr. Silk, who diagnosed Plaintiff with cervical spondylosis and lumbar spondylosis with radiating pain to the lumbar extremities and bulging discs

at multiple levels. Also included were treatment notes by Dr. Dowdy, diagnosing chronic back pain, degenerative joint disease, and hypertension. Basically, the additional evidence provided to the Appeals Counsel merely shows signs of degenerative joint disease, another name for osteoarthritis.[3]

Based, in part, on the opinions of state agency physicians, the ALJ determined that Plaintiff had osteoarthritis of his lower back, upper neck, left shoulder, hands, feet, and left leg. Furthermore, the ALJ found that Plaintiff's osteoarthritis was a severe impairment. Thus, the evidence provided to the Appeals Counsel merely supports the findings of the ALJ that Plaintiff's osteoarthritis satisfies the first two steps of the five-step evaluation. However, Plaintiff's additional evidence does not show that Plaintiff's osteoarthritis meets the third step of the evaluation— the step where the ALJ determined that Plaintiff's osteoarthritis did not result in him being disabled.[4]

Plaintiff argues that evidence of his new diagnoses may have changed the outcome of the ALJ's decision because the ALJ cited lack of medical evidence as a reason for denying Plaintiff's claim. When evaluating Plaintiff's subjective complaints regarding the intensity, persistence, and limiting affects of his symptoms, the ALJ found Plaintiff not to be completely credible.[5] Though the ALJ did address the lack of objective medical evidence when assessing Plaintiff's pain and credibility assessment, the lack of medical evidence was only one factor of many he considered. For

---

[3] Osteoarthritis, also known as degenerative joint disease, "is one of the oldest and most common forms of arthritis." Arthritis Foundation Disease Center Index, http://www.arthritis.org/disease-center.php?disease_id=32 (last visited March 26, 2009).

[4] The ALJ determined that Plaintiff's osteoarthritis did not meet or equal the impairments listed in Appendix 1 because there was no evidence of "compromise of a nerve root or the spinal cord, spinal arachnoiditis, or lumbar spinal stenosis." (Tr. at 23.) The medical records provided to the Appeals Counsel do not provide such evidence. Conversely, the CT scan showed "[n]o convincing disk herniation or frank spinal stenosis." (Tr. at 243.)

[5] The ALJ found that Plaintiff's impairments could be expected to cause his reported symptoms but not the alleged severity of his pain.

example, the ALJ noted that Plaintiff testified that only over-the-counter pain medication was necessary to reduce Plaintiff's alleged pain level from a ten to an eight on a ten-point scale. The ALJ also considered Plaintiff's ability to sit without noticeable discomfort for one and one half hour despite Plaintiff's testimony that he was unable to sit for longer than one and one half hour. In addition, the ALJ considered Plaintiff's testimony that he could not make a fist with his left hand that conflicted with the state doctor's report that he could. Finally, the ALJ considered the report of the state physician and all of the activities in which Plaintiff reported he engaged such as hunting and painting. Therefore, it is clear that the ALJ determined Plaintiff's credibility using a number of factors.

Nevertheless, even if the ALJ's determination was based solely on the lack of objective evidence, the new objective evidence does not provide any information that would lead to a different conclusion regarding Plaintiff's alleged pain level. Instead, the new evidence only provides documentation of a diagnosis previously accepted by the ALJ—Plaintiff's severe impairment resulting from his osteoarthritis. Therefore, Plaintiff has failed to show that the ALJ's decision might reasonably have been different if the ALJ had reviewed the additional evidence. Thus, the Court **FINDS** the additional evidence to be cumulative and immaterial.[6] Accordingly, Plaintiff's objection to the magistrate judge's finding that newly submitted objective medical evidence did not warrant a remand is **OVERRULED**.

---

[6] Because the Court has found that Plaintiff's new evidence was cumulative and immaterial, it need not examine the last two *Borders* factors.

*III. CONCLUSION*

For the reasons stated above, the Court **OVERRULES** Plaintiff's Objections [Docket14], **ADOPTS** and incorporates herein the PF&R of Magistrate Judge VanDervort [Docket 13]. The Court **DENIES** Plaintiff's Motion for Judgment on the Pleadings [Docket 9], **GRANTS** Defendant's Motion for Judgment on the Pleadings [Docket 11], **AFFIRMS** the final decision of the Commissioner, and **DISMISSES** this action from the Court's docket. A separate Judgment Order will enter this day implementing the rulings contained herein.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a certified copy of this Order to Magistrate Judge VanDervort, counsel of record, and any unrepresented party.

ENTER: March 27, 2009

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE